**Charles Walter RUSHTON, Plaintiff and Appellant,**

v.

**SAGE LAND COMPANY, Defendant and Respondent.**

No. 15295.

Supreme Court of Utah.

July 26, 1978.

Robert J. Harris and Robert M. McRae, Salt Lake City, for plaintiff and appellant.

Roger A. Livingston, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

Plaintiff filed this action seeking termination of defendant's interest in certain real property and restoration of plaintiff's interest. Defendant counterclaimed to quiet title against plaintiff. The District Court for Uintah County granted defend-ant's motion for summary judgment, dismissing the complaint and quieting title in defendant. From this judgment plaintiff appeals. All statutory references are to Utah Code Annotated, 1953, as amended. Affirmed. Costs to defendants.

At a pre-trial conference the following facts were stipulated to by the parties:

1. Defendant is the record owner of the subject real property under a tax deed.

2. That the "May Sale",[1] at which defendant purchased the property, was held on May 23, 1973 and was valid under the law.

3. That plaintiff was the prior record owner of said property but was delinquent in the payment of his property taxes.

4. The property was sold in a preliminary sale to the County in 1968 for non-payment of taxes.

5. That plaintiff did not redeem the property prior to or on April 1, 1973 and, therefore, lost his right to redemption pursuant to Section 59–10–56.

6. That a check from plaintiff dated May 21, 1973, to Uintah County was in the hands of the county clerk prior to May 23, 1973, the date of the valid "May Sale".

7. That plaintiff did not appear, bid, or in any other manner participate at the valid "May Sale".

The sole question presented here is the extent of a property owner's rights between the time he loses his statutory right of redemption and the time the property is sold at a valid "May Sale".

Plaintiff admits that he lost the statutory right of redemption after April 1, 1973 and yet claims to have that same right up until the "May Sale" under *Salt Lake Home Builders, Inc. v. Colman*, 30 Utah 2d 379, 518 P.2d 165 (1974). *Home Builders* does not support such a contention.

In *Home Builders* this Court recognized that after the expiration of the right of redemption the previous owner retained some limited rights under the statute until

---

1. Section 59–10–64.

extinguished at a valid "May Sale" and that these rights may be exercised to restore the property to its original owner by bidding at the "May Sale".

With respect to the May sale, Section 59–10–64 provides in substance that the property shall be sold to the bidder who will pay the full amount of the taxes, penalties, interest and costs for the smallest portion of the entire parcel; and that if it is sold for a portion, the remaining part of the property "shall be deemed to have been *redeemed* by the owner thereof." It is plain to be seen that if the owner is willing to pay the amount due the county at the May sale, he can be restored to his ownership, or in effect, "redeem" his property. He is free to continue to bid that amount for a smaller and smaller fraction of the property than any other purchaser, because he will get both that fraction, and also all that is left of the property, for that amount. [Emphasis in original. 518 P.2d 165 at 166.]

The plaintiff admits he did not participate by *bidding* at the "May Sale" and the court did not err in granting defendant's motion for summary judgment.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.